IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 09–cv–02861–REB–KMT

THOMAS R. LEWIS,

    Plaintiffs,

v.

TODD STRONG, in his official capacity as a Verizon Wireless employee, and in his individual capacity,
VERIZON WIRELESS, and
ONE OR MORE JOHN DOES,

    Defendants.

# ORDER

    This matter is before the court on "Plaintiff's Motion for Leave to File the Attached Corrected Amended Complaint" (Doc. No. 10, filed February 9, 2010). Defendants filed their response on February 24, 2010. (Doc. No. 14.)

    Pursuant to Fed. R. Civ. P. 15(a), "The court should freely give leave (to amend the pleadings) when justice so requires." *See also York v. Cherry Creek Sch. Dist. No. 5,* 232 F.R.D. 648, 649 (D. Colo. 2005); *Aspen Orthopaedics & Sports Medicine, LLC v. Aspen Valley Hosp. Dist.,* 353 F.3d 832, 842 (10th Cir.2003). The Supreme Court has explained the circumstances under which denial of leave to amend is appropriate.

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the

> merits. In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-the leave sought should, as the rules require, be "freely given." Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

*Foman v. Davis*, 371 U.S. 178, 182 (1962). *See also Triplett v. LeFlore County, Okl.*, 712 F.2d 444, 446 (10th Cir.1983).

Plaintiff seeks to add Colorado state law claims, to add a breach of contract claim, and to clarify the factual allegations supporting his 42 U.S.C. § 1981 claim. The deadline for amending pleadings was set by this court at May 31, 2010. Plaintiff's motion was, therefore, timely filed. Further, the case is in the early stages of litigation. Defendants do not oppose the motion. Moreover, there has been no showing of, and the court does not find, undue delay, bad faith or dilatory motive, undue prejudice, or futility.

Therefore, it is

**ORDERED** that "Plaintiff's Motion for Leave to File the Attached Corrected Amended Complaint" (Doc. No. 10) is GRANTED. The Clerk of Court shall file Plaintiff's " Amended Complaint" (Doc. No. 10-2).

Dated this 16th day of March, 2010.

**BY THE COURT:**

Kathleen M. Tafoya
United States Magistrate Judge