IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09–cv–02861–REB–KMT

THOMAS R. LEWIS,

    Plaintiffs,

v.

TODD STRONG, in his official capacity as a Verizon Wireless employee, and in his individual capacity,
VERIZON WIRELESS (VAW) LLC, and
ONE OR MORE JOHN DOES,

    Defendants.

---

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

**Kathleen M. Tafoya**
**United States Magistrate Judge**

    This matter is before the court on Plaintiff's "Motion for Leave to File the Attached Second Amended Complaint" (Doc. No. 68 [hereinafter "Mot."]) filed July 7, 2010. Defendants filed their "Response in Opposition to Plaintiff's Motion for Leave to File the Attached Second Amended Complaint" (Doc. No. 73 [hereinafter "Resp."]) on July 30, 2010. Plaintiff filed his "Reply to Defendants' Response in Opposition to Plaintiff's Motion for Leave to File the Attached Second Amended Complaint" (Doc. No. 79 [hereinafter "Reply"]) on August 8, 2010.

**FACTUAL STATEMENT**

Following is a verbatim summary of the case, taken from District Judge Robert E. Blackburn's "Order Granting Motion to Dismiss" filed on June 2, 2010.

> On February 13, 2009, plaintiff entered a Verizon Wireless retail store in Denver, Colorado, to purchase a new cell phone for his personal use. Plaintiff questioned Todd Strong, a Verizon employee, about the benefits to which he was entitled under his preexisting Verizon contract. Plaintiff admits that he became agitated and cursed at Strong during the course of the conversation, but denies that he engaged in any threatening or violent conduct. After approximately fifteen minutes of heated exchange, Strong demanded that plaintiff leave the store. Plaintiff inadvertently left his debit card at the store, and when he returned thirty minutes later to retrieve it, he was able to complete some unspecified "part of his business with the assistance of a different store employee." (Amended Complaint ¶ 26 at 5 [#34], filed March 16, 2010.)
> Later that evening, Strong sent an email to plaintiff's employer, the Denver Fire Department, in which he allegedly falsely accused plaintiff of using his position with the Fire Department while attempting to transact business in the store. As a result of this complaint, plaintiff was placed on administrative leave. During the course of the subsequent investigation by the Denver Fire Department . . . , local police officers were called. As a result, a city ordinance violation was issued against plaintiff, and he was arrested and jailed on that charge in March, 2009, although ultimately the charges were dismissed. Several months later, plaintiff was demoted and reassigned to another fire station, losing salary and overtime and pension benefits as a result. This lawsuit followed.

(Doc. No. 61 at 3–4.)

**PROCEDURAL BACKGROUND**

On December 8, 2009, Plaintiff filed his Complaint in this matter, asserting a single claim against Defendants for violation of 42 U.S.C § 1981. (Doc. No. 1.) On January 20, 2010, Defendants filed a Motion to Dismiss Plaintiff's Complaint in its entirety. (Doc. No. 7.) On February 2, 2010, Plaintiff filed a motion to file an amended complaint that modified the facts upon which Plaintiff's Section 1981 claim was based and sought to add additional claims for

2

tortious interference with contract, abuse of process, malicious prosecution, and extreme and outrageous conduct/intentional infliction of emotional distress.  (Doc. No. 8.)  On February 9, 2010, before Defendants had responded or the Court had ruled on Plaintiff's Motion, Plaintiff filed a second motion to amend his complaint that included the five claims asserted in the proposed first amended complaint plus a sixth claim for breach of contract against Verizon Wireless.  (Doc. No. 10.)  On February 24, 2010, Defendants filed their Response to Plaintiff's First and Second Motions to File Amended Complaint, stating their non-opposition to the Amended Complaint since the case was in its early stages and discovery had not yet commenced.  (Doc. No. 14.)  On March 16, 2010, this court entered its Order granting Plaintiff's second motion to amend its complaint.  (Doc. No. 30.)  The Amended Complaint was filed on March 16, 2010.

On March 9, 2010, this court held the Scheduling Conference in this matter.  Following the Scheduling Conference, the court issued a Scheduling Order setting numerous deadlines, including a May 31, 2010 deadline for joinder of parties and amendment of pleadings.  (Doc. No. 25.)  The Scheduling Order shortened a number of the deadlines that the parties had suggested in the Proposed Scheduling Order.  (*See* Doc. Nos. 13, 25.)  Specifically, the court set a discovery cut-off of August 16, 2010 (shortened from the November 30, 2010, deadline proposed by the parties) and a dispositive motion deadline of September 16, 2010 (shortened from the December 20, 2010, deadline proposed by the parties).  (*Id.*)  However, the proposed deadline for May 31, 2010, deadline for joinder of parties and amendment of pleadings was not shortened.  (*Id.*)  Also

on March 9, 2010, Judge Blackburn set a ten-day jury trial to commence on January 3, 2011. (Doc. No. 23.)

On March 30, 2010, Defendants filed a partial "Motion to Dismiss the Third Complaint" seeking to dismiss Plaintiff's Section 1981 claim as to Verizon Wireless, Plaintiff's breach of contract claim (which was asserted only against Verizon Wireless), and Plaintiff's extreme and outrageous conduct/intentional infliction of emotional distress claim as to both Defendants. (Doc. No. 37.) That same day, Defendants filed an Answer addressing the allegations and claims not covered by the partial motion to dismiss. (Doc. No. 38.)

On May 31, 2010, the deadline set by this court for joinder of parties and amendment of pleadings, Plaintiff filed a motion to file a second amended complaint. (Doc. No. 59.) Plaintiff's proposed Second Amended Complaint sought to add two new defendants (Ana Bautista and Dennis Woodward), but asserted the same six claims as had been asserted in the Amended Complaint.

On June 2, 2010, Judge Blackburn granted Defendants' Partial Motion to Dismiss the Third Complaint. (Doc. No. 61.) On June 3, 2010, Plaintiff filed his an unopposed motion to withdraw his motion to file a second amended complaint. (Doc. No. 62.) In the motion to withdraw, Plaintiff stated, "Should the facts discovered permit Plaintiff to address the issues raised in the Court's order granting Defendants' partial motion to dismiss, then Plaintiff will seek leave to file a second amended complaint consistent these facts." (*Id.*, ¶ 4.) This court granted Plaintiff's motion to withdraw the motion to file a second amended complaint on June 3, 2010. (Doc. No. 64.)

On June 28, 2010, Plaintiff deposed Todd Strong and Ana Bautista. On June 29, 2010, Defendants deposed Plaintiff. Following the close of Plaintiff's deposition on June 29, 2010, Plaintiff's counsel indicated that Plaintiff intended to seek leave to amend his complaint to assert his malicious prosecution and abuse of process claims against Ana Bautista, as well as add a defamation claim against Todd Strong. Defendants indicated that they would oppose such a request. On July 7, 2010, Plaintiff filed the present Motion.

**LEGAL STANDARD**

Because Plaintiff filed his Motion after the deadline for amending the pleadings, the court employs a two-step analysis, first determining whether Plaintiff has shown good cause to modify the Scheduling Order under Federal Rule of Civil Procedure 16(b), then evaluating whether Plaintiff has satisfied the standard for amendment of pleadings under Federal Rule of Civil Procedure 15(a). This Court has said that

> Rule 16(b)'s "good cause" standard is much different than the more lenient standard contained in Rule 15(a). Rule 16(b) does not focus on the bad faith of the movant, or the prejudice to the opposing party. Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment. Properly construed, "good cause" means that the scheduling deadlines cannot be met despite a party's diligent efforts. In other words, this court may "modify the schedule on a showing of good cause if [the deadline] cannot be met despite the diligence of the party seeking the extension."

*Pumpco, Inc. v. Schenker Int'l, Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2001) (internal citations omitted). The Tenth Circuit has noted, however, that the good cause standard requiring diligence produces essentially the same result as a finding of no undue delay and no undue prejudice under Rule 15(a). *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006).

5

Accordingly, the timeliness of the amendment and the prejudice to a defendant are to be the crux of the inquiry. *Id.*

A motion to amend should be denied if a plaintiff has unduly delayed in seeking the amendment. *Wessel v. City of Albuquerque*, 299 F.3d 1186, 1197 (10th Cir. 2002) (citing cases). The important inquiry is not simply whether Plaintiff has delayed, but whether such delay is undue. *Minter*, 451 F.3d at 1206. Delay is undue "when the party filing the motion has no adequate explanation for the delay," *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365–66 (10th Cir. 1993), or when "the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint." *Las Vegas Ice & Cold Storage Co. v. Far West Bank*, 893 F.2d 1182, 1185 (10th Cir. 1990) (citation omitted). In such circumstances, "untimeliness alone is an adequate reason to refuse leave to amend." *Duncan v. Manager, Dep't of Safety*, 397 F.3d 1300, 1315 (10th Cir. 2005).

A defendant is prejudiced by an untimely amendment if the amendment will alter the focus of the case at a date that is too late for the defendants to adequately prepare for trial. *Orr v. City of Albuquerque*, 417 F.3d 1144, 1153 (10th Cir. 2005). A plaintiff may not "wait until the last minute to ascertain and refine the theories on which they intend to build their case . . . . This practice, if tolerated, 'would waste the parties' resources, as well as judicial resources, on discovery aimed at ultimately unavailing legal theories and would unfairly surprise defendants, requiring the court to grant further time for discovery or continuances." *Green Country Food Market, Inc. v. Bottling Group, LLC*, 371 F.3d 1275, 1279 (10th Cir. 2004).

Once Plaintiff has shown good cause for modifying the scheduling order, he must also satisfy the requirements of Rule 15(a) for amending the pleadings. Under Rule 15(a), a court should allow a party to amend its pleadings "when justice so requires." Fed. R. Civ. P. 15(a). The grant or denial of an opportunity to amend is within the discretion of the court, but "outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules." *Foman v. Davis*, 371 U.S. 178, 182 (1962). "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993). Notably,

> The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits.

*Conley v. Gibson,* 355 U.S. 41, 48 (1957).

## ANALYSIS

Although Plaintiff does not address Rule 16(b) and its good cause requirement in his Motion, he does discuss it in replying to Defendants' Response.¹ Plaintiff first argues, citing

---

¹In his Reply, Plaintiff asserts that Defendants' Response was filed late and should not be considered, as it was filed twenty-three days after the Motion was filed, in violation of D.C.COLO.LCivR 7.1C. and D.C.COLO.LCivR 5.2E. However, the local rules cited by Plaintiff must be read in conjunction with the Federal Rules of Civil Procedure. The Federal Rules provide that, "[w]hen a party may or must act within a specified time after service and service is made under Rule 5(b)(2) . . . (E) . . ., 3 days are added after the period would otherwise expire under Rule 6(a)." Fed. R. Civ. P. 6(d). Rule 5(b)(2)(E) refers to service by electronic means, as occurred in this case. Accordingly, Defendants' Response was timely filed. Plaintiff

7

*Corporate Stock Transfer, Inc. V. AE Biofuels*, 663 F. Supp. 2d 1056 (D. Colo. 2009), that "[f]utility of the proposed amendment is crucial to the analyses under both Rules [15 and 16]." (Resp. at 2.) The court notes that in *Corporate Stock Transfer*, the Order written by this court dealt solely with a proposed amendment under Rule 15, and the "good cause" standard set forth in Rule 16 is never discussed. Though much of Plaintiff's Reply focuses on arguing that his Motion is not futile, the focus of a Rule 16(b) inquiry is the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment. *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1205 n.4 (10th Cir. 2006).

Regarding Plaintiff's diligence, Plaintiff argues that he filed a timely motion to amend "naming the John Doe Defendants" which "needed to be withdrawn after the Court issued its order [granting defendants' partial motion to dismiss]." (Reply. at 8.) Plaintiff states he then submitted additional written discovery requests and took additional depositions of Defendant Strong and Ms. Bautista. (*Id.*) Plaintiff states "[w]ithin eight days of taking these depositions, Plaintiff filed this motion to amend." (*Id.*) Plaintiff also argues that he "could not, despite his diligent efforts, meet the May 31, 2010 scheduling deadline to file the proposed amendment,

---

also asserts that Defendants violated Judge Blackburn's Civil Practice Standards, which state that responses to motions "shall not exceed fifteen (15) pages" and "Untimely or noncomplying objections, responses, or replies will be denied (without prejudice), stricken, or ignored. (*See* Judge Robert E. Blackburn's Practice Standards (Civil Actions), Section V.B.1. and V.C.2.) This court is not inclined to strike or ignore Defendants' Response for failure to follow Judge Blackburn's procedures. However, Defendants are warned that any future failure to comply with Judge Blackburn's procedures may result in the court's denial, striking or ignoring of the noncomplying document.

which takes note of the Court's June 2, 2010 order and conforms to the evidence obtained during the June 28, 2010 depositions of Mr. Strong and Ms. Bautista." (*Id.*)

In their response, Defendants first argue that "Plaintiff's Motion gives the Court no explanation of the efforts he undertook to comply with the deadlines established by the Scheduling Order." (Resp. at 9.) The court agrees. Plaintiff, both in his motion and reply, fails to address attempts to comply with the deadlines.

Second, Defendants argue that Plaintiff cannot establish good cause to amend his complaint to add three newly asserted claims. Plaintiff, for the first time, seeks to add a claim for violation of Colo. Rev. Stat. § 24-34-601. Plaintiff contends that "[o]n February 13, 2009, Verizon Wireless, Strong and Bautista refused, withheld from and denied Plaintiff the equal enjoyment of goods and services when they refused to assist him in ordering a replacement phone, falsely told him a replacement phone was ordered and forced him to leave the store." (Doc. 68-1, ¶ 98.) Defendants assert that there is no "good cause" for Plaintiff to have delayed alleging these facts or asserting this claim until July 7, 2010, because "Plaintiff would have known on February 13, 2009 . . . of Defendants' alleged refusal to assist him in ordering a replacement phone and Defendants' alleged forcing him to leave the store." (Resp. at 10.) Defendants also contend that the "the newly alleged facts contradict – rather than conform to – the testimony given during the June 28 and June 29, 2010 depositions." (*Id.*) The court agrees that the facts purporting to support Plaintiff's claim for violation of Colo. Rev. Stat. § 24-34-601 have been known to Plaintiff since before he filed his initial complaint.

9

Third, Defendants argue that Plaintiff cannot establish good cause for his failure to assert a defamation claim earlier because Plaintiff knew of all the statements upon which his defamation claim is based long before he filed his initial complaint. (*Id.* at 11.) Fourth, Defendants contend that Plaintiff had knowledge of the facts purporting to support his negligent supervision claim at the time he filed his initial complaint. (*Id.* at 12.) Upon review of the proposed amended complaint, the court finds Plaintiff should have been aware of the statements upon which his defamation and negligent supervision claims are based at the very latest during the August 2009 administrative hearing.

Defendants also argue that Plaintiff cannot establish good cause to amend his complaint to add Ana Bautista as a defendant. (Resp. at 12–13.) Defendants argue that Plaintiff had knowledge of the acts he attributes to Ms. Bautista prior to filing his initial complaint. (*Id.* at 13.) Defendants assert that discovery provided to Plaintiff contained the information, and that Plaintiff also knew about the information from testimony Plaintiff elicited during the August 2009 administrative hearing. (*Id.*) Finally, Defendants argue that Plaintiff cannot establish good cause to amend his complaint to add an entirely new set of facts to resuscitate his Section 1981 claims against Verizon Wireless. Plaintiff's only response to these arguments is that the amendments "take[ ] note of the Court's June 2, 2010 order . . . . and conform[ ] to the evidence contained in the depositions of Mr. Strong and Ms. Bautista." (Mot. at 8.)

The court notes that when Plaintiff sought to withdraw his previous motion to amend the complaint on June 3, 2010, he did not move for an extension of the deadline joinder of parties and amendment of pleadings. (*See* Doc. No. 62.) Plaintiff also did not state in that motion that

10

he may wish to amend his complaint in the future to add new claims or a new defendant. (*Id.*)
Additionally, Plaintiff has failed to provide an "adequate explanation for the delay," *Frank*, 3
F.3d at 1365–66, and Plaintiff "[knew] or should have known of the facts upon which the
proposed amendment is based but fail[ed] to include them in the original complaint." *Las Vegas Ice*, 893 F.2d at 1185.

The court finds Plaintiff has utterly failed to satisfy Rule 16(b)'s good cause requirement for amending the scheduling order. As such, the court will not consider whether he has satisfied Rule 15(a)'s standard for amending the pleadings.

WHEREFORE, for the foregoing reasons, the court respectfully

RECOMMENDS that Plaintiff's "Motion for Leave to File the Attached Second Amended Complaint" be DENIED.

### ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure

to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Prop.*, 73 F.3d at 1059-60 (a party's objections to the Magistrate Judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review); *Int'l Surplus Lines Ins. Co. v. Wyoming Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 19th day of August, 2010.

BY THE COURT:

_____
Kathleen M Tafoya
United States Magistrate Judge