**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No.  09-cv-02861-REB-KMT

THOMAS R. LEWIS,

    Plaintiff,

v.

TODD STRONG, in his official capacity as a Verizon Wireless employee, and in his individual capacity,
VERIZON WIRELESS (VAW) LLC d/b/a VERIZON WIRELESS, and
ONE OR MORE JOHN DOES,

    Defendants.

## ORDER RE: MOTION FOR SUMMARY JUDGMENT

**Blackburn, J.**

The matters before me are (1) **Defendants' Motion for Summary Judgment and Memorandum of Law in Support Thereof** [#86] filed September 16, 2010; (2) **Defendant's Motion To Strike Plaintiff's Affidavit** [#109] filed November 1, 2010; and (3) plaintiff's **Motion for Oral Argument on Defendants' Motion for Summary Judgment – Docket # 86, Filed September 16, 2010** [#102] filed October 15, 2010.  I find that oral argument would not be of substantial assistance in my resolution of the summary judgment motion, and, therefore, deny plaintiff's motion requesting oral argument.  I grant defendants' motion for summary judgment as to the sole remaining federal claim and deny it in part with respect to the pendant state law claims, declining to exercise my discretion to continue to exercise supplemental jurisdiction over them.  I deny the motion to strike plaintiff's affidavit as moot.

## I. JURISDICTION

I have jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 (federal question) and 1367 (supplemental jurisdiction).

## II. STANDARD OF REVIEW

Summary judgment is proper when there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. **FED. R. CIV. P.** 56(c); **Celotex Corp. v. Catrett**, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). A dispute is "genuine" if the issue could be resolved in favor of either party. **Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.**, 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986); **Farthing v. City of Shawnee**, 39 F.3d 1131, 1135 (10th Cir. 1994). A fact is "material" if it might reasonably affect the outcome of the case. **Anderson v. Liberty Lobby, Inc.**, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); **Farthing**, 39 F.3d at 1134.

A party who does not have the burden of proof at trial must show the absence of a genuine fact issue. **Concrete Works, Inc. v. City & County of Denver**, 36 F.3d 1513, 1517 (10th Cir. 1994), **cert. denied**, 115 S.Ct. 1315 (1995). Once the motion has been properly supported, the burden shifts to the nonmovant to show, by tendering depositions, affidavits, and other competent evidence, that summary judgment is not proper. **Id.** at 1518. All the evidence must be viewed in the light most favorable to the party opposing the motion. **Simms v. Oklahoma ex rel. Department of Mental Health and Substance Abuse Services**, 165 F.3d 1321, 1326 (10th Cir.), **cert. denied**, 120 S.Ct. 53 (1999).

### III.  ANALYSIS

The facts of this case are well-known to the parties and need not be repeated here at length.  Plaintiff has asserted claims against defendant Todd Strong pursuant to 42 U.S.C. § 1981 and against Strong and his employer, defendant Verizon Wireless, for tortious interference with contract and abuse of process.[1]  I find that plaintiff has failed to present any genuine issue of material fact for trial on the section 1981 claim. Accordingly, I decline to exercise supplemental jurisdiction over the pendant state law claims.

"Section 1981 prohibits racial discrimination in 'the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.'"  **Reynolds v. School District No. 1, Denver, Colorado**, 69 F.3d 1523, 1532 (10th Cir. 1995) (quoting 42 U.S.C. § 1981).  Although typically, as between private actors, such claims arise in the employment context, they have been recognized in cases involving retail transactions as well.  See **Hampton v. Dillard Department Stores, Inc.**, 247 F.3d 1091, 1102 (10th Cir. 2001), **cert. denied**, 122 S.Ct. 1071 (2002).  To prove a claim under section 1981, plaintiff must show "(1) that [he] is a member of a protected class; (2) that the defendant had the intent to discriminate on the basis of race; and (3) that the discrimination interfered with a protected activity as defined in § 1981."  **Id.**

---

[1] Although the **Amended Complaint** [#34], filed March 16, 2010, originally included a claim for malicious prosecution (*see id.* ¶¶ 85-95 at 15-16), it was not brought forward in the **Final Pretrial Order** [#107], filed November 1, 2010.  Such claim is therefore considered abandoned, and is appropriately dismissed with prejudice.  See **Frontrange Solutions USA, Inc. v. Newroad Software, Inc.**, 505 F.Supp.2d 821, 837-38 (D. Colo. 2007).  Moreover, plaintiff has failed to identify any John Doe defendants, much less assert claims implicating such parties.  These defendants therefore will be dismissed insofar as they may be implicated by plaintiff's section 1981 claim.

Plaintiff does not specify precisely what "protected activity" under section 1981 is implicated by the facts of this case. To the extent he argues that Strong interfered with his ability to make and enforce a contract, such a claim fails. "To state a claim under the contract clause of Section 1981, a plaintiff must identify the actual loss of a contract." *Shawl v. Dillard's Inc.*, 2001 WL 967887 at *3 (10th Cir. Aug. 27, 2001). It is undisputed here that plaintiff ultimately was able to replace the lost phone that precipitated his visit to the Verizon Wireless store in the first instance, indeed, the very same day. Moreover, beyond parroting the language of the statute, plaintiff has failed to specifically identify what "benefits, privileges, terms, and conditions of the contractual relationship" Strong's actions prevented him from enjoying. He presents neither argument nor evidence suggesting that his replacement phone or any attendant service plan were less beneficial or efficacious to him than their predecessors, either in general or in any particular.[2]

Instead, and as best this court can discern, it appears that plaintiff may intend to complain about the way Strong treated him during their interaction in the store. Yet even assuming *arguendo*, and for purposes of this summary judgment motion only, that plaintiff's behavior was as innocuous as he suggests, the Tenth Circuit has rejected an "expansive interpretation that § 1981 broadens the scope of relevant civil rights and protects customers from harassment upon entering a retail establishment." *Hampton*,

---

[2] Moreover, as noted in my **Order Granting Motion To Dismiss** [#61], filed June 2, 2010, plaintiff's attempts to make out a section 1981 claim based on actions post-dating the making of the cellular phone contract "make absolutely no sense." (*Id.* at 5.) The fact that Strong sent his email to plaintiff's employer before plaintiff completed making arrangements for his new phone is similarly nonsensical. There is simply no logical connection between Strong's complaint and plaintiff's phone contract.

247 F.3d at 1118 (10th Cir. 2001).  **See also Shawl**, 2001 WL 967887 at *3 n.3 (noting that courts have rejected various "permutations of the implied-contract-with-the-consumer-as-a-member-of-the-shopping-public theory").[3]  Section 1981 does not create a general, free-floating code of civility applicable to retail establishments.  Therefore, to the extent plaintiff intends to assert such a claim, I reject it.

Accordingly, defendant's motion to dismiss the section 1981 claim against Strong will be granted.  This determination eliminates the only basis for federal jurisdiction pleaded in this case.  When all federal claims have been dismissed prior to trial, the court generally should decline to exercise supplemental jurisdiction over pendant state law claims.  **United States v. Botefuhr**, 309 F.3d 1263, 1273 (10th Cir. 2002).  I find it appropriate to do so here, and thus will dismiss plaintiff's remaining state law claims for abuse of process and tortious interference with contractual relations without prejudice.[4]

**THEREFORE, IT IS ORDERED** as follows:

1. That **Defendants' Motion for Summary Judgment and Memorandum of Law in Support Thereof** [#86], filed September 16, 2010, is **GRANTED IN PART** and **DENIED IN PART**:

---

[3] Nor does plaintiff bring forth any evidence suggesting he was denied service in the store.  **Cf. Lloyd v. Waffle House, Inc.**, 347 F.Supp.2d 249, 254 (W.D.N.C. 2004).  To the contrary, the evidence clearly shows that Strong attempted to assist plaintiff and only asked him to leave the store after their interaction became more heated, and further that plaintiff received assistance from another employee when he returned to the store later that day.

[4] As noted above, **see supra** n.1, plaintiff's state law claim for malicious prosecution will be dismissed with prejudice as procedurally abandoned.

      a. That the motion is **GRANTED** with respect to plaintiff's claim pursuant to 42 U.S.C. § 1981 against defendant, Todd Strong, and that claim is **DISMISSED WITH PREJUDICE**;

      b. That the motion is **GRANTED** further with respect to plaintiff's claim for malicious prosecution, although not on the grounds stated in the motion, but on the basis that such claim was not included in the **Final Pretrial Order** [#107] filed November 1, 2010, and, therefore, is deemed abandoned; and

      c. That in all other respects, the motion is **DENIED WITHOUT PREJUDICE**;

  2. That the court **DECLINES** to exercise supplemental jurisdiction over the Second Claim for Relief – Tortious Interference with Contractual Relations – Against Todd Strong and Verizon, and the Third Claim for Relief – Abuse of Process – Against Verizon asserted in the **Final Pretrial Order** [#107] filed November 1, 2010, and those claims accordingly are **DISMISSED WITHOUT PREJUDICE**;

  3. That the Fifth Claim for Relief (Malicious Prosecution) asserted in plaintiff's **Amended Complaint** [#34] filed March 16, 2010, is **DISMISSED WITH PREJUDICE;**

  4. That all claims pursuant to 42 U.S.C. § 1981 asserted against any John Doe defendant are **DISMISSED WITHOUT PREJUDICE**;

  5. That **Defendant's Motion To Strike Plaintiff's Affidavit** [#109] filed November 1, 2010, is **DENIED AS MOOT**;

  6. That plaintiff's **Motion for Oral Argument on Defendants' Motion for Summary Judgment – Docket # 86, Filed September 16, 2010** [#102] filed October

15, 2010, is **DENIED**;

      7.  That judgment **SHALL ENTER** on behalf of defendant, Todd Strong, against plaintiff, Thomas R. Lewis, as to the First Claim for Relief (42 U.S.C. § 1981) asserted in the **Final Pretrial Order** [#107] filed November 1, 2010; provided, that the judgment as to this claim shall be with prejudice;

      8.  That judgment **SHALL ENTER** on behalf of defendants, Todd Strong and Verizon Wireless (VAW) LLC d/b/a Verizon Wireless, against plaintiff, Thomas R. Lewis, as to the Fifth Claim for Relief (Malicious Prosecution) asserted in the **Amended Complaint** [#34] filed March 16, 2010; provided, that the judgment as to this claim shall be with prejudice;

      9.  That judgment **SHALL ENTER** on behalf of defendant, Verizon Wireless (VAW) LLC d/b/a Verizon Wireless, against plaintiff, Thomas R. Lewis, as to the First Claim for Relief (42 U.S.C. § 1981) and the Second Claim for Relief (Breach of Contract – Against Verizon Only) asserted in the **Amended Complaint** [#34] filed March 16, 2010, in accordance with my **Order Granting Motion To Dismiss** [#61] filed June 2, 2010; provided, that the judgment as to these claims shall be without prejudice;

      10.  That judgment **SHALL ENTER** on behalf of defendants, Todd Strong and Verizon Wireless (VAW) LLC d/b/a Verizon Wireless, against plaintiff, Thomas R. Lewis, as to the Sixth Claim for Relief (Extreme and Outrageous Conduct/Intentional Infliction of Emotional Distress) asserted in the **Amended Complaint** [#34] filed March 16, 2010, in accordance with my **Order Granting Motion To Dismiss** [#61] filed June 2, 2010; provided, that the judgment as to this claim shall be without prejudice;

11. That the Trial Preparation Conference, currently scheduled for Friday, December 17, 2010, at 11:00 a.m., as well as the trial, currently scheduled to commence on Monday, January 3, 2011, are **VACATED**; and

12. That defendants are **AWARDED** their costs, to be taxed by the Clerk of the Court pursuant to Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1.

Dated December 1, 2010, at Denver, Colorado.

**BY THE COURT:**

*/s/ Robert E. Blackburn*
Robert E. Blackburn
United States District Judge